# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEHDI PAKNAHAD d/b/a, § <br> WESTPOINTE PLAZA, § <br>   Plaintiffs, § <br> § <br> v. § <br> § <br> SENTINEL INSURANCE COMPANY § <br> LIMITED; COPELAND AGENCY, LLC § <br> and RYAN MORRISON, § <br>   Defendants. § | CIVIL ACTION NO. CIV-15-344-HE |

## DEFENDANT SENTINEL INSURANCE
## COMPANY LIMITED'S NOTICE OF REMOVAL

Defendant Sentinel Insurance Company Limited ("Sentinel") files this Notice of Removal pursuant to 28 U.S.C. § 1332 and states as follows:

## I.
## PROCEDURAL BACKGROUND

1. On May 30, 2014, Plaintiff Mehdi Paknahad d/b/a Westpointe Plaza ("Plaintiff") filed his Petition and initiated an action identifying Sentinel Insurance Company Limited ("Sentinel") Copeland Agency, LLC ("Copeland") and Ryan Morrison ("Morrison") in the District Court in and for Canadian County, Oklahoma (the "State Court Action").[1]

2. Plaintiff's Petition alleges that Sentinel is a Corporation incorporated under the laws of the State of Connecticut.[2] Defendant Sentinel is a Connecticut corporation with a principle place of business in Connecticut. Therefore, pursuant to 28 U.S.C. §

---

[1] Appendix at APP. 00001,00006.
[2] App.00006.

1332(c)(1) Sentinel was at the time this action was commenced and is now a citizen of the State of Connecticut.

3. Plaintiff's Petition alleged that Copeland is "an insurance agency incorporated under the laws of the State of Oklahoma, having his principal place of business in Oklahoma."[3]

4. Plaintiff's petition also alleged "Defendant, Morrison, upon information and belief, is licensed as an insurance adjuster in the state of Oklahoma."[4]

5. Plaintiff's Petition against Sentinel in the District Court in and for Canadian County, Oklahoma alleges that Sentinel not only breached a contract but violated the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16[5] and the Oklahoma Consumer Protection Act.[6] Plaintiff further alleges claims against Sentinel for Breach of Fiduciary Duty, Negligent Procurement of Insurance, Constructive Fraud, Negligent Underwriting, and Breach of the Duty of Good Faith and Fair Dealing.[7]

6. Plaintiff alleges that Sentinel breached its contractual obligations by failing to pay Plaintiff all benefits owed on his property damage claim.[8] Plaintiff has provided repair estimates for Replacement Cost Value of $194,694.82 for one building and $226,407.67 for the second building, for a total estimated cost of repair of $421,102.49 which Plaintiff claims are owed under the insurance policy.

---

[3] *Id.*
[4] *Id.*
[5] Appendix at APP. 00008,00010.
[6] Appendix at APP. 00008,00020.
[7] Appendix at APP. 000011-00021.
[8] Appendix at APP. 00008-00009.

7. In addition to actual damages, Plaintiff's pleading alleges he is also entitled to punitive damages as well as "disgorgement of the incureased (sic) financial benefits derived by Defendant" and attorneys' fees, costs and interest.[9]

8. On March 6, 2015, Plaintiff voluntarily dismissed its claims against Oklahoma citizen Copeland and Morrison thereby creating complete diversity between the remaining Defendant and Plaintiff.[10]

9. After receiving notice that the Oklahoma resident citizen Copeland had been dismissed, Defendant Sentinel timely filed this Notice of Removal in the State Court Action.

10. Pursuant to 28 U.S.C. § 1446 and Local Civil Rule 81.2, attached as an appendix to this motion are copies of all process, pleadings, and orders served upon the above-named parties in this action and a copy of the state court docket sheet.

## II.
## NATURE OF THE SUIT

11. Plaintiff's Petition alleges few specific facts other than Plaintiff is the named insured under a property insurance policy and the property suffered damage from wind/hailstorm on or about May 31, 2013 in the Yukon, Oklahoma area."[11] In his Petition, Plaintiff generally alleges Sentinel improperly denied and/or underpaid the claim without any specific reference to what was paid, underpaid or unpaid.[12] Plaintiff's

---

[9] Appendix at APP.00022.
[10] Appendix at APP. 00094.
[11] Appendix at APP.00006-00007.
[12] Appendix at APP.00009.

allegations merely track statutory language and contain few specific facts to support the legal allegations or damages.

12. The bases of the legal action are claims in excess of $75,000 for violations of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 and the Oklahoma Consumer Protection Act. Plaintiff also alleges such acts were "wrongful or intentional, willful, malicious and/or reckless conduct."[13]

13. In addition to actual damages, Plaintiff specifically seeks disgorgement of financial benefit, punitive damages and attorney's fees.[14]

## III.
## BASIS FOR REMOVAL

14. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant Sentinel pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. Plaintiff was, at the time this action commenced, and is still a citizen of the State of Oklahoma.[15]

16. Defendant Sentinel was, at the time this civil action commenced, and still is, a citizen of the state of Connecticut.[16]

---

[13] Appendix at APP.00011, 00022.
[14] *Id*. at APP.00022.
[15] Appendix at APP.00006.
[16] *Id*.

17. Because Plaintiff is a citizen of Oklahoma and Defendant Sentinel is a citizen of Connecticut, complete diversity of citizenship exists among the remaining parties.

18. This is an insurance "bad faith" case in which Plaintiff seeks damages for Defendant's alleged refusal to pay insurance benefits and wrongful handling of Plaintiff's claim. Plaintiff seeks actual, direct and "consequential" damages for damages to his property, attorneys' fees and court costs. Finally, Plaintiff alleges that the unspecified conduct by Defendant was so egregious that he should be awarded punitive damages and disgorgement of financial benefits.[17] The amount in controversy is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir.2012). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H & D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001). Plaintiff alleges he is entitled to attorney's fees.[18]

19. Given the nature of Plaintiff's claims against Defendant Sentinel, the alleged damages in this action clearly exceed $75,000, exclusive of interest and costs.

---

[17] Appendix at APP. 00022.
[18] *Id.*

20. Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

21. Pursuant to 28 U.S.C. § 1446(a), Sentinel has filed as the Appendix to this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and the docket sheet in the State Court Action.

22. Pursuant to 28 U.S.C. § 1446(d), Sentinel will notify the clerk of the court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

## IV.
## CONCLUSION

23. The basis for this removal and this Court's jurisdiction is complete diversity of citizenship between the remaining parties after the Plaintiff voluntarily dismissed the other Defendants, including Oklahoma citizen Copeland. 28 U.S.C. § 1332. Plaintiff is a citizen of Oklahoma. Sentinel is a citizen of Connecticut. The amount in controversy, based on the allegations in Plaintiff's Petition and the evidence tendered by Sentinel exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, Sentinel hereby removes the referenced State Court Action to this Court.

24. WHEREFORE, Defendant Sentinel Insurance Company Limited respectfully requests that the above-entitled action be removed from the District Court in and for Canadian County, Oklahoma to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:    */s/Christopher W. Martin*
       Christopher W. Martin
       OK Bar No. 21909
       Texas State Bar No. 13057620
       Federal I.D. No. 13515
       808 Travis Street, 20th Floor
       Houston, Texas  77002
       Telephone:  (713) 632-1700
       Facsimile:  (713) 222-0101
       Email: martin@mdjwlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT SENTINEL INSURANCE COMPANY LIMITED**

OF COUNSEL:

George L. Lankford
Texas State Bar No. 11934800
Federal ID No. 14016
Ryan K. Geddie
Texas State Bar No. 24055541
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
Tollway Plaza One
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone:  (214) 420-5500
Facsimile:  (214) 420-5501
lankford@mdjwlaw.com
geddie@mdjwlaw.com

**ATTORNEYS FOR DEFENDANT
SENTINEL INSURANCE COMPANY LIMITED**

## CERTIFICATE OF SERVICE

      I certify that a copy of Defendant Sentinel Insurance Company Limited's Notice of Removal has been forwarded via certified mail, return receipt requested, and facsimile on this 1st day of April, 2015 to:

| | |
|---|---|
| J. Drew Houghton<br>Foshee & Yaffe<br>P.O. Box 890420<br>Oklahoma City, OK | *Via Facsimile: 405-601-1103* |
| Javier Delgado<br>Merlin Law Group<br>Three Riverway, Suite 701<br>Houston, Texas 77056 | *Via Facsimile: 713-626-8880* |

                                         */s/ Ryan K. Geddie*
                                         Ryan K. Geddie